Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 1 4 2023

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:21-CR-0164-TOR-1 |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| RANDY COY JAMES HOLMES, | |
| Defendant. | |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, and Defendant, RANCY COY JAMES HOLMES ("Defendant"), both individually and by and through Defendant's counsel, Bryan Hershman, agree to the following Plea Agreement:

1.    <u>Guilty Pleas and Maximum Statutory Penalties</u>:

Defendant agrees to enter a plea of guilty to Count 1 and Count 2 of the Superseding Indictment filed on September 20, 2022.

PLEA AGREEMENT - 1

Count 1 charges Defendant with Assault with a Deadly Weapon on a Federal Law Enforcement Officer, in violation of 18 U.S.C. §§ 111(a)(1), (b), a Class C felony.  Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment of not more than 20 years;

    b.    a term of supervised release of not more than 3 years;

    c.    a fine of up to $250,000; and

    d.    a $100 special penalty assessment.

Count 2 charges Defendant with Discharge of a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), a Class A felony.  Defendant understands that the following potential penalties apply:

    a.    a term of imprisonment of not less than 10 years to run consecutive to any term of imprisonment imposed for the associated "crime of violence";

    b.    a term of supervised release of not more than 5 years;

    c.    a fine of up to $250,000; and

    d.    a $100 special penalty assessment.

2.    <u>Supervised Release</u>:

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, up to the following terms:

    a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

PLEA AGREEMENT - 2

     b.     3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

     c.     2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction

     3.     <u>Potential Immigration Consequences of Guilty Pleas</u>:

If Defendant is not a citizen of the United States, Defendant understands the following:

     a.     pleading guilty in this case may have immigration consequences;

     b.     a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

     c.     removal from the United States and other immigration consequences are the subject of separate proceedings; and

     d.     no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

PLEA AGREEMENT - 3

4.    <u>The Court is Not a Party to the Plea Agreement</u>:

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

      a.    sentencing is a matter solely within the discretion of the Court;

      b.    the Court is under no obligation to accept any recommendations made by the United States or Defendant;

      c.    the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

      d.    the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

      e.    the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

      f.    the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

5.    <u>Waiver of Constitutional Rights</u>:

Defendant understands that by entering these guilty pleas, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

      a.    the right to a jury trial;

      b.    the right to see, hear and question the witnesses;

      c.    the right to remain silent at trial;

      d.    the right to testify at trial; and

PLEA AGREEMENT - 4

e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

6.    <u>Elements of the Offense</u>:

The United States and Defendant agree that in order to convict Defendant of Assault with a Deadly Weapon on a Federal Law Enforcement Officer, in violation of 18 U.S.C. §§ 111(a)(1), (b), the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, on or about November 5, 2021, in the Eastern District of Washington, Defendant, intentionally and forcibly assaulted, resisted, opposed, impeded, intimidated, and/or interfered with a federal law enforcement officer, specifically ATF Special Agent A.J., as alleged in the Superseding Indictment;
> *Second*, Defendant did so by means and use of a deadly and dangerous weapon, to wit: a Glock Model 17 9mm semi-automatic handgun bearing serial number BHBR218; and
> *Third*, the federal law enforcement officer was engaged in, or the assault was on account of, the performance of the federal law enforcement officer's official duties.

The United States and Defendant agree that in order to convict Defendant of Discharge of a Firearm During and In Relation to a Crime of Violence, in violation

PLEA AGREEMENT - 5

of 18 U.S.C. § 924(c)(1)(A)(iii), the United States would have to prove beyond a reasonable doubt the following elements:

> *First*, on or about November 5, 2021, in the Eastern District of Washington, Defendant committed the crime of Assault with a Deadly Weapon on a Federal Law Enforcement Officer, as charged in Count 1 of the Superseding Indictment; and
>
> *Second,* Defendant knowingly discharged and used a Glock Model 17 9mm semi-automatic handgun bearing serial number BHBR218, during and in relation to that crime.

7. <u>Statement of Facts and Stipulation</u>:

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.  The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

In early November 2021, a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Confidential Informant ("CI") advised that Defendant, Randy Coy James HOLMES (aka "Whispers"), a documented Sureno gang member, was looking to obtain a firearm, as he (HOLMES) planned to conduct strong-arm robberies in the near future.  The CI arranged for Defendant to contact an undercover ATF agent (Special Agent A.J.) ("UCA") to purchase a firearm from the UCA.  The same day, a second ATF CI also advised an ATF agent that he/she was contacted by Defendant looking to obtain a firearm.

On November 5, 2021, Defendant and the UCA communicated about the sale of a firearm, and ultimately agreed to meet at the Motel 6 parking lot in

PLEA AGREEMENT - 6

Spokane, Washington to complete the transaction. During the discussions, Defendant offered to pay the UCA approximately 1 ounce of methamphetamine in exchange for the firearm instead of U.S. Currency.

As scheduled, Defendant arrived at the Motel 6 driving a Dodge Charger. Co-defendant, Vincent PETRUSHKIN (aka "Vegas"), also a Sureno gang member, was a passenger in the vehicle, along with co-defendant, William Huntington BURNS (aka "Serio"), also a Sureno gang member. Before exiting the vehicle, BURNS provided Defendant with a firearm, later identified as a Glock Model 17 9mm semi-automatic handgun bearing serial number BHBR218, as "protection" for the transaction with the UCA. Defendant exited the Charger and entered the front passenger seat of the UCA's vehicle. The UCA expressed concerns to Defendant about conducting the transaction at that location given the fact Defendant arrived with two additional individuals in his vehicle. The UCA asked to move the transaction to a nearby parking lot, away from the 2 unknown males in the Dodge Charger.

Defendant advised the UCA that would "tell the homies" and started to exit the UCA's vehicle. However, Defendant stopped short of fully exiting the vehicle. Instead, Defendant re-entered the vehicle, pulled out a firearm (the Glock Model 17 9mm semi-automatic handgun), pointed it at the UCA's head, and demanded the firearm the UCA was going to sell him. The UCA, who was in reasonable apprehension of immediate bodily harm, advised Defendant the firearm was in the back of the vehicle. Defendant then fully exited the UCA's vehicle and ran around to the back of the vehicle to obtain the firearm. When he did so, the UCA exited the vehicle and command Defendant to drop the gun. Defendant then repeatedly discharged the Glock Model 17 9mm semi-automatic handgun at the UCA, striking the UCA multiple times, and causing the UCA serious and permanent bodily injury. The UCA returned fire, striking Defendant several times. ATF

PLEA AGREEMENT - 7

surveillance agents quickly arrived at the scene and rendered life-saving aid to Defendant before he was transported to the hospital.  At the hospital, emergency room personnel located approximately 1 ounce of methamphetamine in Defendant's jacket pocket.

Defendant stipulates and agrees that he possessed the Glock Model 17 9mm semi-automatic handgun bearing serial number BHBR218 and that on November 5, 2021, he used and discharged the firearm while and in relation to his assault on the UCA which caused the UCA serious and permanent bodily injury.

8.    The United States Agrees:

a.    *Not to File Additional Charges*:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

b.    *Dismiss Count 3*:

The United States Attorney's Office agrees to dismiss Count 3 of the Superseding Indictment, charging Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. §§922(g)(1), 924(a)(2).

9.    United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "USSG" or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines.  The United States and Defendant agree to the following Guidelines calculations

a.    *Count 1*:

1)    Base Offense Level:

PLEA AGREEMENT - 8

The United States and Defendant stipulate and agree to recommend to the Court the Base Offense Level is 14.  *See* USSG §2A2.2(a).

   2) <u>Specific Offense Characteristics</u>:

The United States and Defendant agree to recommend a 7-level enhancement as the victim sustained a serious and permanent bodily injury.  *See* USSG §2A2.2(b)(3)(C).  However, the cumulative adjustments from subsection (2) and (3) cannot be more than 10 levels; therefore, only a 10-level enhancement would apply from these subsections.

The United States and Defendant agree to recommend a 2-level enhancement as the assault was motivated by a thing of value, to wit a firearm.  *See* USSG §2A2.2(b)(5).  The United States and Defendant agree to further recommend a 2-level enhancement as Defendant was convicted pursuant to 18 U.S.C. § 111(b).  *See* USSG §2A2.2(b)(7).

The United States and Defendant agree to recommend a 5-level enhancement would apply as he discharged a firearm pursuant to USSG §2A2.2(b)(2)(A); however, as Defendant was also convicted under 18 U.S.C. § 924(c), this enhancement does not apply.  *See* USSG § 2K2.4 n. 4.  Defendant acknowledges the United States will seek an upward departure such that the conviction under 18 U.S.C. § 924(c) does not result in a decrease in the total punishment.

The United States and the Defendant agree to recommend no additional specific offense characteristics may apply.  *See generally* USSG §2A2.2(b).

   3) <u>Official Victim Enhancement</u>:

The United States and Defendant agree USSG §3A1.2 potentially applies to the advisory sentencing guideline for Count 1.  *See* USSG §2A2.2 n. 4.  The United States will recommend a 6-level enhancement is appropriate because Defendant had knowledge or reason to know the victim was a law enforcement

PLEA AGREEMENT - 9

officer and assaulted him during the course of the offense or immediate flight therefrom, which created a substantial risk of serious bodily injury. *See* USSG §3A1.2(c)(2). Defendant is free to oppose this enhancement.

      b.   *Count 2*:

As Defendant was convicted of a violation of 18 U.S.C. § 924(c); therefore, the guideline sentence is the minimum term of imprisonment required by statute, noted above. *See* USSG §2K2.4.

      c.   *Multiple Count Analysis*:

The United States and Defendant agree a multiple count analysis does not apply to these counts of conviction. *See* USSG §2K2.4 n. 5.

      d.   *Acceptance of Responsibility*:

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a), (b), if Defendant does the following:

      i.   accepts this Plea Agreement;

      ii.   enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

      iii.   demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

      iv.   provides complete and accurate information during the sentencing process; and

      v.   does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is

PLEA AGREEMENT - 10

charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

       d.    *Criminal History*:

The United States and Defendant have made no agreement and make no representations as to Defendant's Criminal History Category, which shall be determined by the Court at sentencing after the Presentence Investigation Report is completed.

       e.    *No Other Agreements*:

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

    10.   <u>Length of Incarceration</u>:

       a.    *Indictment – 2:21-CR-164-TOR*:

The United States agrees to recommend a term of incarceration no higher than 288 months. Defendant is free to recommend any legal sentence; however, acknowledges he cannot be sentenced to less than the mandatory minimum 120 months on Count 2.

       b.    *Supervised Release Violations – 2:18-CR-134-TOR*:

Defendant agrees to admit to all pending violations of supervised release. The United States and Defendant agreed to recommend a term of incarceration within the advisory guideline range, to run concurrent to any term of incarceration imposed on the current indictment (2:21-CR-164-TOR). The parties recommend no additional term of supervision be imposed under this cause number due to the anticipated new term of supervision to be imposed under 2:21-CR-164-TOR.

PLEA AGREEMENT - 11

11.    <u>Judicial Forfeiture</u>:

Defendant agrees to voluntarily forfeit any and all right, title and interest he has in the following listed assets in favor of the United States, including, but not limited to:

- a Glock Model 17 9mm semi-automatic handgun bearing serial number BHBR218

Defendant acknowledges that the firearm covered by this Plea Agreement is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as property facilitating or involved in illegal conduct in violation of 18 U.S.C. § 924(c)(1)(A)(iii), Discharge of a Firearm During and In Relation to a Crime of Violence, to which Defendant is pleading guilty.

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold all law enforcement and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset(s) covered by this agreement. Defendant consents to the forfeiture and disposal of assets without further notice.

Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

PLEA AGREEMENT - 12

12. <u>Supervised Release</u>:

The United States and Defendant each agree to recommend 5 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control; and

    b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

13. <u>Criminal Fine</u>:

The United States and Defendant agree to recommend no criminal fine be imposed. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

14. <u>Restitution</u>:

The United States and Defendant agree that restitution is appropriate and mandatory, without regard to Defendant's economic situation, pursuant to 18

PLEA AGREEMENT - 13

U.S.C. §§ 3663A, 3664, for the offense conduct to which Defendant has pled guilty for all victims, as defined by 18 U.S.C. § 3663A(a)(2), who were directly and proximately harmed by the offense conduct. Furthermore, pursuant to 18 U.S.C. § 3663A(a)(3), Defendant voluntarily agrees to pay restitution for all losses, as defined by 18 U.S.C. § 3663A(b)(2)-(4), caused by Defendant's individual conduct, in exchange for the United States not bringing additional potential charges, regardless of whether counts associated with such losses will be dismissed as part of this Plea Agreement.

With respect to restitution, the United States and Defendant agree to the following:

    a.   *Restitution Amount and Interest*

The United States and Defendant stipulate and agree that, pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court should order restitution in an amount to be determined at sentencing, and that any interest on this restitution amount, if any, should be waived.

    b.   *Payments*

To the extent restitution is ordered, the United States and Defendant agree that the Court will set a restitution payment schedule based on Defendant's financial circumstances. 18 U.S.C. § 3664(f)(2), (3)(A). Regardless, Defendant agrees to pay not less than 10% of Defendant's net monthly income towards restitution.

    c.   *Treasury Offset Program and Collection*

Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

PLEA AGREEMENT - 14

Defendant understands that the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Until Defendant's fine and restitution obligations are paid in full, Defendant agrees to provide waivers, consents, or releases requested by the U.S. Attorney's Office to access records to verify the financial information.

d.    *Notifications and Waivers*

Defendant agrees to notify the Court and the United States of any material change in Defendant's economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect Defendant's ability to pay restitution. 18 U.S.C. § 3664(k). Defendant also agrees to notify the United States of any address change within 30 days of that change. 18 U.S.C. § 3612(b)(1)(F). These obligations cease when Defendant's fine and restitution obligations are paid in full.

Defendant acknowledges that the Court's decision regarding restitution is final and non-appealable; that is, even if Defendant is unhappy with the amount of restitution ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or restitution order

PLEA AGREEMENT - 15

15.    <u>Mandatory Special Penalty Assessment</u>:

Defendant agrees to pay the $200 mandatory special penalty assessment ($100 per count of conviction) to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

16.    <u>Payments While Incarcerated</u>:

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

17.    <u>Additional Violations of Law Can Void Agreement</u>:

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

18.    <u>Waiver of Appeal and Collateral Attack Rights</u>:

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all rights to appeal Defendant's conviction and sentence if the Court imposes a term of imprisonment of 288 months or less. Should the Court impose a term of incarceration above 288 months, Defendant may only appeal the substantive reasonableness of his sentence.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives Defendant's right to appeal any term of the sentence imposed by the Court for violations of his supervised release (2:18-CR-134-TOR).

PLEA AGREEMENT - 16

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

19.    Compassionate Release:

In consideration for the benefits Defendant is receiving under the terms of this Plea Agreement, Defendant expressly waives Defendant's right to bring any motion for Compassionate Release other than a motion arising from one of the specific bases set forth in this paragraph of this Plea Agreement. The United States retains the right to oppose, on any basis, any motion Defendant files for Compassionate Release.

The only bases on which Defendant may file a motion for Compassionate Release in the Eastern District of Washington are the following:

    a.    *Medical Condition of Defendant*:

        i.    Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

PLEA AGREEMENT - 17

    ii.       Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which Defendant is not expected to recover.

b.    *Age of Defendant*:

    i.       Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of Defendant's term of imprisonment, whichever is less; or

    ii.       Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

c.    *Family Circumstances*:

    i.       The caregiver of Defendant's minor child or children has died or become incapacitated, and Defendant is the only available caregiver for Defendant's minor child or children; or

    ii.       Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

d.    *Subsequent Reduction to Mandatory Sentence*:

PLEA AGREEMENT - 18

    i.       Defendant pleaded guilty to an offense which, on the date of Defendant's guilty plea, carried a mandatory minimum sentence; and

    ii.     after the entry of judgment, the length of the mandatory minimum sentence for Defendant's offense of conviction was reduced by a change in the law; and

    iii.    the application of the reduced mandatory minimum sentence would result in Defendant receiving a lower overall sentence.

e.    *Ineffective Assistance of Counsel*:

    i.       Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

        1.    did not know at the time of Defendant's guilty plea, and

        2.    could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

20.   <u>Withdrawal or Vacatur of Defendant's Plea</u>:

Should Defendant successfully move to withdraw from this Plea Agreement or should either of Defendant's convictions be set aside, vacated, reversed, or dismissed under any circumstance, then:

a.    this Plea Agreement shall become null and void;

b.    the United States may prosecute Defendant on all available charges;

c.    the United States may reinstate any counts that have been dismissed, have been superseded by the filing of another

PLEA AGREEMENT - 19

charging instrument, or were not charged because of this Plea Agreement; and

    d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and defenses Defendant might have to the United States' decision about how to proceed, including a claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

21.    <u>Waiver of Attorney Fees and Costs</u>:

Defendant agrees to waive all rights Defendant may have under the "Hyde Amendment," Section 617, P.L. 105- 119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including, without limitation, any charges to be dismissed pursuant to this Plea Agreement or any charges previously dismissed or not brought as a result of this Plea Agreement).

22.    <u>Integration Clause</u>:

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

PLEA AGREEMENT - 20

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    3/14/23
Caitlin Baunsgard            Date
Assistant U.S. Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____    3-14-23
RANDY COY JAMES HOLMES       Date
Defendant

PLEA AGREEMENT - 21

.

I have read the Plea Agreement and have discussed the contents of the Plea Agreement with Defendant.  The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in Defendant's decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____     _____
Bryan Hershman                                              Date
Attorney for the Defendant

PLEA AGREEMENT - 22